## UNITED STATE DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHELLE SELBEE, Individually and as
Next Friend of ZACHARY SELBEE, a minor

            Plaintiff,

-v-                                           Case No. 11-CV-
                                            Hon.

KALAMAZOO COUNTY, a Municipal Corporation,
DEPUTY LARRY CZARNOWSKI and DEPUTY
NICHOLAS MIHALEK,

            Defendants.

_____

VEN R. JOHNSON (P39219)
Fieger, Fieger, Kenney, Johnson & Giroux, P.C.
Counsel for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075-2463
(248) 355-5555

_____

## COMPLAINT AND JURY DEMAND

        There is no other civil action between these parties
arising out of the same transaction or occurrence
alleged in this Complaint.

                 /s/  Ven  R. Johnson
                 VEN R. JOHNSON (P39219)

       NOW COME Plaintiff, Ms. MICHELLE SELBEE, Individually and as Next Friend

of ZACHARY SELBEE, a Minor, by and through her attorneys, FIEGER, FIEGER,

KENNEY, JOHNSON & GIROUX, P.C., and for her Complaint against the above named

Defendants, states as follows:

1

1.   At all times relevant to this lawsuit, Plaintiff Ms. Michelle Selbee ("Michelle") lived in the City of Scotts, County of Kalamazoo, State of Michigan.

2.   At all times relevant to this lawsuit, Michelle was the mother of Mr. Zachary Selbee ("Zachary"), a 14year old minor and is Zachary's lawfully appointed Next Friend.

3.   At all times relevant to this lawsuit, defendant Kalamazoo County ("Kalamazoo") was and is a municipal corporation, duly organized and carrying on governmental functions as Kalamazoo County Sheriff Department ("KCSD"), in the City of Kalamazoo, County of Kalamazoo, State of Michigan.

4.   At all times relevant to this lawsuit, defendant Deputy Larry Czarnowski ("Czarnowski") was an employee of Kalamazoo via the KCSD, and was acting under color of state law and in the course and scope of his employment with it and is being sued herein in his individual capacity.

5.   At all times relevant to his lawsuit, defendant Deputy Nicholas Mihalek ("Mihalek"), was an employee of Kalamazoo via the KCSD, and was acting under color of state law and in the course and scope of his employment with it and is being sued herein in his individual capacity.

6.   The amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorney fees and jurisdiction is otherwise proper in this Court, due to defendants deprivation of Plaintiffs' civil rights and liberties under the 4th and 14th Amendments to the United States Constitution, as well as 42 USC §1983.

7.   On Friday, October 29, 2010 Kent County Sheriff deputies in two unmarked police cars engaged in a pursuit of a blue Camry occupied by two suspects.

8. Kent County deputies radioed the KCSD in order to advise that the pursuit was continuing in Kalamazoo County and sought assistance in the performance of a traffic stop.

9. The KCSD agreed to assist Kent County.

10. KCSD deputies Czarnowski and Mihalek were riding in a KCSD Chevy Tahoe (marked with lights and sirens), and were at a stopped position facing westbound at the intersection of Norscot Road and 36th Street in the City of Scotts, County of Kalamazoo, State of Michigan.

11. As the fleeing blue Camry and the two Kent County unmarked patrol cars approached that intersection on southbound 36th Street, Czarnowski and Mihalek's patrol car turned right and drove northbound on 36th Street south and entered the southbound lane directly into the path of the travel of the fleeing blue Camry.

12. The Camry drove around the driver's side of the KCSD Tahoe as did the two unmarked Kent County patrol cars that were immediately behind the Camry.

13. Czarnowski and Mihalek turned the Tahoe around in a clockwise, easterly direction in order to pursue the above three vehicles.

14. The blue Camry and the two Kent County patrol cars continued southbound on 36th Street south.

15. The KCSD Tahoe turned around, travelled southbound on 36th Street, but then inexplicably turned right and proceeded westbound on Norscott Road, then turned left on Wallene Street.

16. At or about this same time Michelle was in the driver's seat of her car, which was stopped on Norscott road facing eastbound.

3

17.    Michelle placed her car in reverse and stopped it in her neighbor's driveway, so she could warn her son Zachary who was inside of their home, to stay inside the home since it was obvious to her there was some "police situation" occurring at that time.

18.    Czarnowski and Mihalek exited the KCSD Tahoe with their firearms drawn and pointed at Michelle, ran towards her as she remained in the driver's seat of her car with the door open when the officers yelled and screamed at her to "get the f-ck" out of the car and "get her hands up."

19.    Michelle fully complied with the officers orders, kept her hands up in the car, was ultimately exiting her car when she was viciously attacked by one of the officers, who grabbed her by her hair (baseball cap and ponytail), yanked her out of the car and threw her onto the ground and gravel while the other officer yelled "take her down".

20.    Michelle was again assaulted by this deputy when he jumped on top of her back and forcibly put a knee into her back, during which time she suffered traumatic fractures to d her 5th and 6th ribs on the right side of her body.

21.    Michelle was then handcuffed and had her head slammed on the ground on numerous occasions while she tried to explain to the deputies they were mistaken and attempted to warn Zachary to stay back.

22.    During the above assault Michelle aggravated and/or exacerbated injuries to her spine.

23.    Throughout this assault, Michelle pleaded with the deputies that they had the wrong person that she had done nothing wrong and that there were hurting her.

4

24.     Zachary witnessed the assault on his mother, perceived that her life was in danger, exited their home and walked towards his mother in order to protect her from the assault.

25.     At that time, one of the KCSD deputies pointed his firearm at Zachary and ordered him to not move.

26.     Seeing this, and being in fear for Zachary's life, Michelle began to scream for Zachary to stay back and began to cry uncontrollably.

27.     Somehow, Czarnowski and Mihalek were notified that they had the "wrong car" forcibly removed the handcuffs from Michelle's wrists, ran to the Tahoe and sped off, leaving Michelle face down in the dirt, stones and gravel in the driveway.

28.     As a result of defendants' misconduct Michelle and Zachary have suffered serious and permanent physical and/or emotional injuries and will continue to suffer these damages for the rest of their lives.

### COUNT I
### FEDERAL LAW CLAIMS - EXCESSIVE FORCE PURSUANT TO 42 USC § 1983 AND/OR 4TH and 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION – CZARNOWSKI and MIHALEK

29.     Plaintiff reasserts and realleges paragraphs 1-28 as fully set forth herein.

30.     Pursuant to 42 USC §1983, as well as the 4th and 14th Amendments to the United States Constitution, Czarnowski and Mihalek, owed Michelle and Zachary duties to act prudently and with reasonable care, and otherwise to avoid unnecessary, unreasonable and illegal use of and/or excessive force.

31.     Any reasonable police officer in Czarnowski and Mihalek's position at the time of this pursuit, detention and assault would have known that the use of the above outlined force was illegal, unnecessary and excessive under the same or similar conditions that existed in this case.

32.     Czarnowski and Mihalek breached the above duties and were grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Michelle and Zachary, and committed an assault and/or battery on Michelle and Zachary and thus breached the above duties in a number of ways, including but not limited to:

    a.    Knew or should have known fleeing suspect was on southern 36th Street south and thus was not on Norscotts or Wallene Road;

    b.    Knew or should have known Michelle's brown Camry was not the fleeing blue Camry especially after noticing that the two Kent County unmarked patrol cars were nowhere to be seen;

    c.    Knew or should have known to remain under the cover of the Tahoe and ordered Michelle to get out of her car with her hands up, ordered her to the ground and placed her hands behind her back, therefore, preventing either of the officers from being in harm's way or necessitating them from unnecessarily touching Michelle;

    d.    Knew that by pointing a loaded gun at an unarmed woman, dragging someone out of the driver's seat by her head and hair, was excessive and illegal force and that by their words and conduct that Michelle would reasonably and expectedly be in fear for Zachary and her her life;

    e.    Knew that by pointing a loaded gun at Zachary, that Michelle and Zachary would reasonably be in fear for their lives and for the life of the other;

    f.    All other breaches as learned through the course of discovery.

33.     As a direct and proximate result of Czarnowski and Mihalek's breaches of the above duties, Michelle and Zachary suffered severe and permanent physical and/or emotional injuries, including but not limited to:

      a.     Physical pain and suffering;

      b.     Mental anguish;

      c.     Fright and shock;

      d.     Denial of social pleasures and enjoyment;

      e.     Embarrassment, humiliation or mortification;

      f.     Reasonable expenses of necessary medical care, treatment and services, past and future;

      g.     Wage loss past and future;

      h.     Punitive damages; and,

      i     All other damages learned through the course of discovery and other recoverable under the law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against defendants in excess of $75,000.00 and award costs, interest, attorney fees and punitive damages in an amount commensurate with this egregious misconduct and damages which exist in this case.

## COUNT II
### STATE LAW CLAIMS - GROSS NEGLIGENCE, WILLFUL AND WANTON MISCONDUCT AND ASSAULT AND BATTERY – CZARNOWSKI and MIHALEK

34.     Plaintiff realleges and reaffirms paragraphs 1-33 as if fully set forth herein.

35.     Czarnowski and Mihalek owed Michelle and Zachary a duty not to act in a reasonable manner and not a grossly negligent manner, to act prudently and with reasonable care and to avoid the use of unnecessary, illegal and unreasonable, excessive force.

7

36.     Czarnowski and Mihalek breached the above duties and were grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Michelle and/or Zachary, and committed an assault and/or battery on Michelle and/or Zachary and thus breached the above duties in a number of ways, including but not limited to:

a.      Knew or should have known fleeing suspect was on southern 36th Street south and thus was not on Norscotts or Wallene Road;

b.      Knew or should have known Michelle's brown Camry was not the fleeing blue Camry especially after noticing that the two Kent County unmarked patrol cars were nowhere to be seen;

c.      Knew or should have known to remain under the cover of the Tahoe and ordered Michelle to get out of her car with her hands up, ordered her to the ground and placed her hands behind her back, therefore, preventing either of the officers from being in harm's way or necessitating them from unnecessarily touching Michelle;

d.      Knew that by pointing a loaded gun at an unarmed woman, dragging someone out of the driver's seat by her head and hair, was excessive and illegal force and that by their words and conduct that Michelle would reasonably and expectedly be in fear for her life;

e.      Knew that by pointing a loaded gun at Zachary, that Michelle and Zachary would reasonably be in fear for their lives and for the life of the other;

f.      All other breaches as learned through the course of discovery.

37.     As a direct and proximate result of Czarnowski and Mihalek's breaches of the above duties, Michelle and Zachary have suffered severe and permanent physical and/or emotional injuries, including but not limited to:

a.      Physical pain and suffering;

b.      Mental anguish;

c.      Fright and shock;

8

d.    Denial of social pleasures and enjoyment;

e.    Embarrassment, humiliation or mortification;

f.    Reasonable expenses of necessary medical care, treatment and services, past and future;

g.    Wage loss past and future;

h.    Punitive damages; and,

i    All other damages learned through the course of discovery and other recoverable under the law.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against defendants in excess of $75,000.00 and award costs, interest, attorney fees and punitive damages in an amount commensurate with this egregious misconduct and damages which exist in this case.

## COUNT III
## FEDERAL LAW CLAIM - FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, ILLEGAL CUSTOM AND/OR PRACTICES – COUNTY

38.    Plaintiff reasserts and realleges paragraphs 1-37 as fully set forth herein.

39.    Pursuant to 42 USC §1983, as well as the 4th and 14th Amendments to the United States Constitution, County owed Michelle certain duties to properly hire, supervise, monitor and train Czarnowski and Mihalek as well as its other deputies so as not to use unnecessary, unreasonable, excessive and/or illegal force under the circumstances which existed on the date in question.

40. County breached its duties outlined above in that its policies, procedures, regulations, customs and/or lack of training exhibited a reckless indifference toward the general public and toward Michelle and Zachary specifically, in the following ways, including but not limited to:

      a. Failure to properly train Czarnowski and Mihalek concerning the proper use of reasonable, necessary and non-deadly force of an unarmed person like Michelle;

      b. Failure to hire and/or retain individuals like Czarnowski and Mihalek whose character and personality would not pose a potential danger to the public in general and Michelle and Zachary in particular;

      c. Failure to adequately monitor the conduct and behavior of its officers in general, but specifically Czarnowski and Mihalek, relative to past incidents of police brutality such that despite written policies against such misconduct, failure to sufficiently punish past officers and past incidents has led to the formation of a custom that such excessive force will be encouraged and tolerated by County;

      d. Failure to have proper policies, procedures, and training to deal with the dangers of using physical and excessive force against unarmed individuals;

      e. Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control police officers, including Czarnowski and Mihalek, who are known or should have been known to engage in improper use of excessive force; and,

      f. All other breaches learned through the course of discovery.

41. As a direct and proximate result of County's breaches of the above duties, Michelle and Zachary suffered severe and permanent physical and/or emotional injuries, including but not limited to:

      a. Physical pain and suffering;

      b. Mental anguish;

      c. Fright and shock;

10

d.      Denial of social pleasures and enjoyment;

e.      Embarrassment, humiliation or mortification;

f.      Reasonable expenses of necessary medical care, treatment and services, past and future;

g.      Wage loss past and future;

h.      Punitive damages; and,

i      All other damages learned through the course of discovery and other recoverable under the law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against defendants in excess of $75,000.00 and award costs, interest, attorney fees and punitive damages.

## COUNT IV
## STATE LAW CLAIMS - NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ALL DEFENDANTS

42.      Plaintiff realleges and reaffirms paragraphs 1-41 as if fully set forth herein.

43.      At all times relevant to this lawsuit Zachary was Michelle's son.

44.      During the time in which Michelle was assaulted by Czarnowski and Mihalek, Zachary was present and witnessed these shocking events and likewise Michelle witnessed the KCSD's assault and battery of Zachary.

45.      During this time Zachary was assaulted and/or battered by the KCSD deputies when they pointed their firearm at him and threatened him.

46.      As a result of the defendants' negligence and/or intentional infliction of emotion distress on Zachary and Michelle, they have and will continue to suffer injuries into the future, including, but not limited to, severe mental disturbance, and emotional injuries

11

including, but not limited to:

a. Physical pain and suffering;

b. Mental anguish;

c. Fright and shock;

d. Denial of social pleasures and enjoyment;

e. Embarrassment, humiliation or mortification;

f. Reasonable expenses of necessary medical care, treatment and services, past and future;

g. Wage loss past and future;

h. Punitive and/or exemplary damages; and,

i All other damages learned through the course of discovery and other recoverable under the law.

 WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against defendants in excess of $75,000.00 and award costs, interest, attorney fees and punitive damages.

     Respectfully submitted,

     ***Fieger, Fieger, Kenney, Johnson & Giroux, P.C.***

     By: _____/s/ Ven R. Johnson_____
       **VEN R. JOHNSON (P33219)**
     Attorney for Plaintiff
     19390 W. Ten Mile Road
     Southfield, MI 48075
Dated: March 31, 2011  (248) 355-5555

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, MICHELLE SELBEE, Individually and as Next Friend of ZACHARY SELBEE, a Minor, by and through her attorneys, FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX, P.C. hereby requests a trial by jury in this matter.

Respectfully Submitted,

***Fieger, Fieger, Kenney, Johnson & Giroux, P.C.***

By:    <u>/s/ Ven R. Johnson</u>
       **VEN R. JOHNSON (P39219)**
Attorney for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

Dated:  March 31, 2011